# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| CARLOS DEWAYNE  DRAYTON<br>    LA. DOC #465149 | CIVIL ACTION NO. 3:13-cv-2994 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN, LaSALLE<br>CORRECTIONS CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Carlos Dewayne Drayton, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 4, 2013. Petitioner attacks his April 28, 2010, conviction for being a felon in possession of a firearm and the 13 year sentence imposed thereon by Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

#### *Statement of the Case*

Petitioner was convicted of being a felon in possession of a firearm in a trial that concluded on April 28, 2010. On June 30, 2010, he was sentenced to serve 13 years at hard labor. [Doc. 1, ¶1-7]

On July 20, 2010, he filed an application for writ of *mandamus* in the Second Circuit Court of Appeals.  The application requested the Court of Appeal to order production of pre-trial discovery documents and his immediate release from custody. On September 16, 2010, the Court

of Appeals denied relief noting that petitioner had not filed his pleading with the trial court prior to filing his application in the Court of Appeal. *State of Louisiana v. Carlos Drayton*, No. 45,936-KH. [Doc. 1-3, p. 13]

Thereafter, he appealed his conviction and sentence to the Second Circuit Court of Appeals raising one counseled claim – excessiveness of sentence; and four *pro se* claims – (1) insufficiency of the evidence based upon the lack of credibility and inconsistencies in the arresting officers' testimony; (2) arrest, search, and seizure were done without probable cause, (3) double jeopardy, and (4) ineffective assistance of counsel based on counsel's failure to conduct a full investigation.

On April 13, 2011, the Court of Appeals affirmed his conviction and sentence. The Court denied his Fourth Amendment claim as procedurally defaulted pursuant to La. C.Cr.P. art. 703(F) which provides, "Failure to file a motion to suppress evidence in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress..." and La. C.Cr.P. art. 841(A) which provides, "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." The Court further noted, in passing, that the actions of the arresting officers were authorized by La. C.Cr.P. art. 215.1. The Court did not reach the merits of his ineffective assistance of counsel claim noting that such claims are better raised in an application for post-conviction relief which has provisions for an evidentiary hearing. *State of Louisiana v. Carlos Dewayne Drayton*, 46,191 (La. App. 2 Cir. 4/13/2011), 63 So.3d 319.

On July 20, 2011, petitioner submitted documents to the Second Circuit Court of Appeals for filing. On August 22, 2011, the papers were returned unfiled with the admonition that

petitioner must first seek relief in the lower court and then obtain a ruling before proceeding in the Court of Appeal. [Doc. 1-3, p. 16]

On August 3, 2011, petitioner filed a *pro se* Motion to Vacate or Set Aside Sentence and a Motion for the Appointment of Counsel in the Fourth Judicial District Court. The former motion alleged a defective bill of information. On August 22, 2011, the District Court, noting that petitioner had failed to file a motion to quash alleging the defects in the bill of information, denied the motion as procedurally defaulted. [Doc. 1-3, p. 17]

On October 6, 2011, petitioner filed a *pro se* application for writ of *certiorari* in the Louisiana Supreme Court. This pleading, which was post-marked October 3, 2011, sought review of the Second Circuit's judgment in Docket Number 46,940-KH and was assigned Supreme Court Docket Number 2011-KH-2178. [Doc. 1-3, p. 14] The Supreme Court denied writs on May 25, 2012. *State of Louisiana ex rel. Carlos Drayton v. State of Louisiana*, 2011-2178 (La. 5/25/2012), 90 So.3d 401.

Petitioner filed a *pro se* application for writ of *certiorari* in the Louisiana Supreme Court. The pleading, which sought review of the appeal under Docket Number 46,191, also sought review of another Second Circuit judgment or order under Docket Number 46,866-KH.  It was post-marked October 20, 2011, received and filed on October 24, 2011, and assigned Docket No. 2011-KH-2343. [Doc. 1-3, p. 15] On June 1, 2012, writs were denied. *State of Louisiana ex rel. Carlos D. Drayton v. State of Louisiana*, 2011-2343 (La. 6/1/2012), 90 So.3d 430.

On February 20, 2013, petitioner filed a *pro se* Motion to Modify and/or Amend his Sentence in the Second Circuit Court of Appeals. On April 4, 2013, it was denied on the grounds that the motion did not request review the prior ruling of the trial court, nor did petitioner attach

3

any such ruling to his motion. *State of Louisiana v. Carlos Drayton*, No. 48,261-KH. [Doc. 1-3, pp. 9-10]

Petitioner signed his petition on October 30, 2013. It was received and filed on November 4, 2013. He argues the following claims for relief – (1) defective bill of information; (2) illegal search and seizure of evidence; (3) ineffective assistance of counsel based on counsel's failure to litigate petitioner's pro se motion to quash the defective bill of information, his failure to object to errors at trial, his failure to prepare a defense or to file a motion to reconsider on direct appeal, his failure to argue excessiveness of sentence, and his failure to file a motion to suppress; (4) the denial of due process based upon allegations ineffective assistance of counsel, illegal search and seizure, defective bill of information, and excessiveness of sentence. [Doc. 1]

On December 4, 2013, petitioner was directed to amend his petition to provide copies of some of the appeal and post-conviction pleadings filed in the Louisiana courts.[1]  He was also directed to "... demonstrate that his habeas petition is **NOT** time-barred by the provisions of 28 U.S.C. §2244(d) by establishing the date that his judgment of conviction became final and the dates during which he would be entitled to statutory or equitable tolling and should provide supporting documentation ..." and, to "... demonstrate that he exhausted available State court remedies with regard to **EACH** claim for relief raised herein ..." [Doc. 8]

On December 27, 2013, he responded to that order asking the Court to either grant or

---

[1] Petitioner was ordered to provide: (1) A copy of the writ application filed by petitioner in the Second Circuit under Docket No. 46,940-KH; (2) A copy of the Second Circuit's Judgment/Order in Docket No. 46,940-KH; (3) A copy of the writ application filed in the Louisiana Supreme Court in Docket No. 2011-KH-2178; and, (4) A copy of the writ application filed in the Louisiana Supreme Court in Docket No. 2011-KH-2343. [Doc. 8]

deny his petition based upon the information thus far supplied. He also provided copies of correspondence he received from the Second Circuit Court of Appeals and the Louisiana Supreme Court outlining the costs for copies of the documents which were requested. [Doc. 9-1, pp. 1-3][2] He did not explain why he did not maintain a personal file of his appeal and post-conviction pleadings or the Court orders denying relief.

### *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of

---

[2] The Supreme Court estimated the cost of providing the documents requested as $10.25; the Second Circuit advised that he could obtain a copy of the Order for $1.00/page and a copy of the writ application for $1.50/page. However, the Court did not indicate the number of pages.

[3] It does not appear that any State created impediments prevented the filing of this petition. Further, it does not appear that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, it does not appear that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

5

time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On April 13, 2011, his conviction and sentence were affirmed and presumably notice of judgment was sent to petitioner and his appellate counsel. *State of Louisiana v. Carlos Dewayne Drayton*, 46,191 (La. App. 2 Cir. 4/13/2011), 63 So.3d 319. Thereafter, and pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second Circuit's mailing of notice of judgment within which to timely petition the Supreme Court for further direct review, or, until on or about May 13, 2011.  However, according to evidence submitted by the petitioner, he did not mail his *pro se* writ application to the Louisiana Supreme Court until October 20, 2011 [See Doc. 1-3, p. 15] , and by that time the 30-day filing limit established by the Supreme Court's rule had long expired. Therefore, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on May 13, 2011.  *Compare Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)[4]

---

[4] In Butler, the Fifth Circuit analyzed a similar scenario and concluded: "Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within

Thereafter, since petitioner's judgment of conviction became final under the AEDPA on May 13, 2011, petitioner  had 1-year, or until May 13, 2012, to file his federal *habeas corpus* petition.  Petitioner's federal *habeas corpus* petition, filed on October 30, 2013, is clearly time-barred unless he can establish tolling of the limitations period pursuant to Section 2244(d)(2) which provides, as noted above, "The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this section."

Petitioner submitted various pleadings to the Second Circuit Court of Appeals on July 20, 2011; however those documents were returned to him unfiled on August 22, 2011, because his "application fail[ed] to comply with the filing requirements for writs (U.R.C.A. Rule 4-5)." Petitioner was further advised, "This is a Court of review that reviews the decisions of lower courts.  If you have a complaint about your case, you must first seek relief in the lower court, get a ruling, and then, if necessary, seek review from this Court. Your application fails to contain a

---

thirty days of the Louisiana Court of Appeal's ...  decision, challenge that decision in the state Supreme Court.") Furthermore, it does not appear that petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d  647; *see also Butler*, 533 F.3d at 319 (" ... there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

copy of any filing allegedly made by you in the district court." [Doc. 1-3, p. 16] Clearly, this pleading, which was returned unfiled, was not a "properly filed application for State post-conviction or other collateral review" and therefore could not serve to toll limitations.

Petitioner then filed a Motion to Vacate/Set Aside Sentence in the Fourth Judicial District Court on August 3, 2011. This motion was deemed identical to an application for *habeas corpus* filed on July 27, 2011. This motion (and presumably the application which preceded it) were denied as procedurally defaulted by the trial court on August 22, 2011. [Doc. 1-3, p. 17] Thereafter, the record is unclear. However, giving the petitioner the benefit of the doubt, for the purposes of this Report, it may be assumed that his Motion/Application, filed at the earliest on July 27, 2011,  remained pending until June 1, 2012, the date of the Louisiana Supreme Court's last published writ denial involving this petitioner. *See State of Louisiana ex rel. Carlos Dewayne Drayton vs. State of Louisiana*, 2011-2343 (La. 6/1/2012), 90 So.3d 430.

Thereafter, a period of almost 17 months elapsed un-tolled before petitioner filed the instant petition on October 30, 2013.  Even if petitioner were allowed to toll the period between February 20, 2013 (the date he filed his Motion to Modify Sentence in the Second Circuit Court of Appeals) and April 4, 2013 (the date the Court of Appeals rejected the pleading as being improperly filed in the Court of Appeals) [see Doc. 1-3, pp. 9-10], it is clear that a period in excess of one year elapsed un-tolled between the date his judgment of conviction became final and the date he filed the instant petition.

**2. Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

9

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).[5]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum**

---

[5] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE EVIDENCE TO SUPPORT THE NOTION THAT HIS APPLICATION FOR *CERTIORARI* ON DIRECT APPEAL WAS EITHER TIMELY FILED, OR THAT HE WAS AFFORDED AN EXTENSION OF TIME WITHIN WHICH TO FILE BY THE LOUISIANA SUPREME COURT. HE IS ALSO ENCOURAGED TO PROVIDE SUCH EVIDENCE AS IS AVAILABLE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE OR STATUTORY TOLLING.**

setting forth arguments on whether a certificate of appealability should issue.  See 28

U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District**

**Judge at the time of filing.**

     In Chambers, Monroe, Louisiana, January 3, 2014.

 

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

11